RECEIPT # 73994
AMOUNT $ 350.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 —
WAIVER FORM —
MCF ISSUED —
BY DPTY. CLK. _____
DATE 7/27/2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVE SANTACROCE and SANDRA McGRATH, Individually and on Behalf of All Other Persons Similarly Situated,

Plaintiffs,

v.

BOSTON HARBOR CRUISE LINES, INC.,

Defendant.

06 CA 11299 GAO

C.A. No.

MAGISTRATE JUDGE _____

## COMPLAINT

### Count I
### FLSA Collective Action Claims

1. Defendant has since at least May 14, 2000, willfully violated The Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* ("FLSA"), by failing to pay Plaintiffs Steve Santacroce ("Santacroce") and Sandra McGrath ("McGrath"), and all other persons employed by Defendant as Deckhands and Galley Staff, time and one-half their regular rates of pay for all hours worked in excess of forty per week. Deckhands are persons who have worked or are working for Defendant with job titles of Senior Deckhand or Deckhand. Deckhands and Galley Staff have been classified by Defendant as exempt from the provisions of the FLSA, while at the same time being assigned by Defendant to perform duties inconsistent with exempt status.

2. This Count is brought as a collective action pursuant to 29 U.S.C. §216(b), on behalf of Plaintiffs and all other persons who are or have been employed by Defendant

anywhere in the United States as Deckhands or Galley Staff between May 14, 2000, and the date of final disposition of this action (the "FLSA Class Period").

3.  Plaintiff Santacroce and all similarly situated Deckhands are hereinafter referred to jointly as "the FLSA Deckhand Class." The members of the FLSA Deckhand Class are similarly situated because they all perform the same basic duties and assignments, and all are subject to Defendant's common policy and practice of classifying Deckhands as exempt from the provisions of the FLSA.

4.  Plaintiff McGrath and all similarly situated Galley Staff are hereinafter referred to jointly as the "FLSA Galley Staff Class." The members of the FLSA Galley Staff Class are similarly situated because they all perform the same basic duties and assignments and are all subject to Defendant's common policy and practice of classifying Galley Staff as exempt from the provisions of the FLSA.

## Jurisdiction and Venue

5.  This Court has jurisdiction over the subject matter of Count I pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

6.  Defendant has its principal places of business in this district, such that it is subject to personal jurisdiction here. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Defendant resides in and is subject to personal jurisdiction in this district.

7.  Defendant is engaged in interstate commerce.

## Parties

8.  Plaintiff Santacroce resides in Hull, Massachusetts.

9.  Plaintiff McGrath resides in Weymouth, Massachusetts.

**10.**   Defendant Boston Harbor Cruise Lines, Inc. is a Massachusetts corporation with a usual place of business in Boston, Massachusetts.

## Statement of Facts

**11.**   Defendant operates cruise vessels in and around Boston Harbor. The vessels are engaged in transporting commuters to and from downtown Boston and in conducting other trips such as harbor cruises or whale watch cruises. During the FLSA Class Period, Plaintiffs were employed by Defendant to work on and around such vessels during the course of their business.

**12.**   Plaintiff Santacroce was employed by Defendant during the period from January, 2004, to June, 2005. His duties, tasks and responsibilities throughout his employment were that of a Deckhand. Substantially more than 20% of his work time was spent engaging in activities such as those described in the following paragraph that were not rendered primarily as an aid in the operation of the vessels on which he worked as a means of transportation.

**13.**   Among other things, Santacroce collected tickets from passengers, counted passengers, assisted passengers who were boarding and disembarking boats to ensure their safety, cleaned the decks, exteriors and windows of boats, cleaned toilets on boats, removed trash from boats, stocked boat supplies, and removed snow and ice from the boat decks, docks and surrounding areas.

**14.**   During the FLSA Class Period, Plaintiff Santacroce was paid on an hourly basis. Although his hours varied, he typically worked more than 40 hours per week. During the summer season, Santacroce frequently worked as many as 70 hours per week. He was not paid overtime wages at the rate of one and one-half times his regular rate of

pay as required by the FLSA and applicable state laws. He was not exempt from the overtime provisions of the FLSA and applicable state laws because his duties were not the duties of a "seaman" as defined in the applicable statutes and regulations.

15. Plaintiff McGrath has been employed by the Defendant during the period August, 2004, to the present. Her duties, tasks and responsibilities throughout her employment have been those of a member of the Galley Staff. She worked primarily as a bartender, selling food and beverage items to passengers, stocking and cleaning the galley area, removing trash and occasionally taking tickets, cleaning boats, and giving minor first aid and seasickness assistance to passengers. Substantially more than 20% of her work time was spent engaging in activities that were not rendered primarily as an aid in the operation of the vessels on which she worked as a means of transportation.

16. During the FLSA Class Period, Plaintiff McGrath was paid on an hourly basis. Her hours varied but were typically in excess of 40 hours per week. During the summer season, Plaintiff McGrath worked approximately 50 hours per week on an average, but in some weeks she worked as many as 65 hours.

17. Neither of the Plaintiffs was exempt from the overtime provisions of the FLSA or applicable state laws. For that reason, they should have been paid overtime wages at the rate of one and one-half times their regular rates of pay.

18. Defendant was at all relevant times an "employer" of the Plaintiffs as that term is defined in 29 U.S.C. §203(d), and Mass. Gen. Laws c. 151, §§1A and 1B.

19. At all relevant times, Defendant employed employees engaged in commerce or in the production of goods for commerce, or had employees handling, selling or

otherwise working on goods or materials that have been moved in or produced for commerce.

20.     At all relevant times, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) as required by the FLSA.

## FLSA Collective Action Allegations

21.     The duties and responsibilities of the members of the FLSA Deckhand Class were essentially the same as the duties and activities of Plaintiff Santacroce described above.  At all times during the FLSA Class Period, all of the members of the FLSA Deckhand Class were paid in the same manner and under the same standard employment procedures and practices as was Plaintiff Santacroce.

22.     The members of the FLSA Deckhand Class, like Plaintiff Santacroce, were all subject to the same unlawful policy or plan to classify them as exempt from the provisions of the FLSA, while at the same time assigning them duties inconsistent with exempt status.

23.     During the FLSA Class Period, Defendant was aware of the duties performed by Plaintiff Santacroce and the members of the FLSA Deckhand Class.  Defendant was also fully aware that the duties of said Plaintiff and members of the FLSA Deckhand Class were inconsistent with exempt status and that such persons were and are not exempt from the overtime provisions of the FLSA.

24.     By their conduct, as set forth herein, Defendant violated 29 U.S.C. §207(a) by failing to pay Plaintiff Santacroce and the members of the FLSA Deckhand Class time and one-half their regular rates for hours worked in excess of 40 hours during each workweek.

Such violations of 29 U.S.C. §207(a) were repeated, willful and intentional and damaged said Plaintiff and the members of the FLSA Deckhand Class.

25. Pursuant to 29 U.S.C. §§207(a) and 216(b), Defendant is liable to Plaintiff Santacroce and the members of the FLSA Deckhand Class for the full amount of all their unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus attorneys' fees and costs.

26. The duties and business of the members of the FLSA Galley Staff Class were essentially the same as the duties and activities of Plaintiff McGrath described above. At all times during the FLSA Class Period, all of the members of the FLSA Galley Staff Class were paid in the same manner and under the same standard employment procedures and practices as was Plaintiff McGrath.

27. The members of the FLSA Galley Staff Class, like Plaintiff McGrath, were all subject to the same unlawful policy and plan to classify them as exempt from the provisions of the FLSA, while at the same time assigning them duties inconsistent with exempt status.

28. During the FLSA Class Period, Defendant was aware of the duties performed by Plaintiff McGrath and the members of the FLSA Galley Staff Class. Defendant also was fully aware that the duties of Plaintiff McGrath and the members of the FLSA Galley Staff Class were inconsistent with exempt status and that such persons were and are not exempt from the overtime provisions of the FLSA.

29. By its conduct, as set forth herein, Defendant violated 29 U.S.C. §207(a) by failing to pay to Plaintiff McGrath and the members of the FLSA Galley Staff Class time and one-half their regular hourly rates for hours worked in excess of 40 hours during a

workweek. Such violations of 29 U.S.C. §207(a) were repeated, willful and intentional, and damaged Plaintiff McGrath and the members of the FLSA Galley Staff Class.

30.     Pursuant to 29 U.S.C. §§207(a) and 216(b), Defendant is liable to Plaintiff McGrath and the members of the FLSA Galley Staff Class for the full amount of all their unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus attorneys' fees and costs.

31.     While the exact number of members of the FLSA Deckhand and Galley Staff Classes is unknown to Plaintiffs at the present time, Plaintiffs believe that during the FLSA Class Period there have been at least 100 persons similarly situated to Plaintiff Santacroce who are or have been employed by Defendant as Deckhands and at least 50 persons similarly situated to Plaintiff McGrath who have been employed by Defendant as Galley Staff. Thus, a collective action is the most efficient mechanism for resolution of the FLSA claims of both such FLSA Classes.

32.     In addition, an action under 29 U.S.C. §216(b) is superior to other available methods for the fair and efficient adjudication of such claims since the damages suffered by individual members of the FLSA Classes may be relatively small, and the expense and burden of individual litigation would make it impossible for such persons individually to redress the wrongs done to them. Further, because of the similarity of the claims of the members of each such class, individual actions would present the risk of inconsistent adjudications subjecting Defendant to incompatible standards of conduct.

33.     Plaintiffs have filed written consents to the filing of this Complaint duly executed by each of them pursuant to 29 U.S.C. §216(b).

34.     Plaintiffs are currently unaware of the identities of all the members of the FLSA Deckhand and Galley Staff Classes.  Accordingly, Defendant should be required to provide to the Plaintiffs a list of all persons employed by Defendant as Deckhands and Galley Staff since May 14, 2000, stating their last known addresses and telephone numbers, so that Plaintiffs can give such persons notice of the pendency of this action and an opportunity to make an informed decision about whether to participate in it.

### Count II
### Massachusetts Law Class Action Claim on Behalf of Deckhands

35.     Plaintiff Santacroce hereby incorporates and realleges the allegations contained in paragraphs 1 through 34, above.

36.     In this Count, Plaintiff Santacroce brings a separate cause of action pursuant to Mass. Gen. Laws c. 151, §§1A and 1B and Fed. R. Civ. P. 23 on behalf of all persons who worked for Defendant as Deckhands in Massachusetts between May 14, 2001, and the date of final resolution of this action (the "Rule 23 Class Period").

37.     Since at least the 1960's, it has been the public policy and law of the Commonwealth of Massachusetts, that ". . . no employer in the commonwealth shall employ any of his employees . . . for a work week longer than 40 hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed. . . ." (Mass. Gen. Laws, c. 151, §1A).

38.     Mass. Gen. Laws c. 151, §1B provides that employers who willfully or with reckless indifference to the rights of their employees fail to pay the overtime wages required by c. 151, §1A shall be liable in a civil action brought by an aggrieved employee for three times the unpaid overtime wages owed by the employer.

8

39. During the Rule 23 Class Period, Defendant has violated Massachusetts law by failing to pay Plaintiff Santacroce time and one-half their regular rates of pay for all hours in excess of 40 hours which he worked within a workweek.

40. Pursuant to Fed. R. Civ. P. 23, Plaintiff Santacroce brings this claim under Massachusetts law on behalf of themselves and on behalf of all others employed by the Defendant as Deckhands in Massachusetts during the Rule 23 Class Period. Plaintiff Santacroce and all such similarly situated persons are hereinafter referred to jointly as "the Massachusetts Deckhand Class" or "the members of the Massachusetts Deckhand Class." The members of the Massachusetts Deckhand Class are similarly situated because they all perform the same basic duties and assignments, and all are subject to Defendant's common policy and practice, implemented throughout the Commonwealth of Massachusetts, of classifying Deckhands as exempt from the provisions of Mass. Gen. Laws c. 151, §1A.

### Jurisdiction

41. This Court has jurisdiction over Count II pursuant to 28 U.S.C §1367.

### Massachusetts Claim Allegations

42. The duties of the Massachusetts Deckhand Class were essentially the same as the duties and activities of Plaintiff Santacroce described above. At all times during the Rule 23 Class Period, all members of the Massachusetts Deckhand Class were paid in the same manner and under the same standard employment procedures and practices as said Plaintiffs.

43. Plaintiff Santacroce and the members of the Massachusetts Deckhand Class were all subject to the same unlawful policy or plan of Defendant under which they were

9

classified as exempt from the provisions of Mass. Gen. Laws c. 151, §1A, despite the fact that such persons were assigned duties inconsistent with exempt status.

44.    During the Rule 23 Class Period, Defendant was aware of the duties performed by Plaintiff Santacroce and the Massachusetts Deckhand Class within the Commonwealth of Massachusetts. Defendant also was fully aware that the duties of said Plaintiff and the members of the Massachusetts Deckhand Class were inconsistent with exempt status, and that such persons were and are not exempt from the overtime provisions of Mass. Gen. Laws c. 151, §1A.

45.    By its conduct, as set forth herein, the Defendant violated Mass. Gen. Laws c. 151, §1A by failing to pay said Plaintiff and the Massachusetts Deckhand Class time and one-half their regular hourly rates for hours worked in excess of forty hours during a workweek.

46.    The Defendant's violations of Mass. Gen. Laws c. 151, §1A were repeated, willful and intentional.

47.    Plaintiff Santacroce and the members of the Massachusetts Deckhand Class have been damaged by said violations of Mass. Gen. Laws c. 151, §1A.

48.    Pursuant to M.G.L. 151, §1A and §1B, Defendant is liable to Plaintiff Santacroce and the members of the Massachusetts Deckhand Class for three times their unpaid overtime compensation, plus their attorneys' fees and costs.

### Class Action Allegations

49.    Plaintiff Santacroce is currently unaware of the identities of all the members of the Massachusetts Deckhand Class. On information and belief, at least 100 persons have worked for Defendant as Deckhands in Massachusetts during the Rule 23 Class

Period and would therefore be members of the Massachusetts Deckhand Class. For this reason, joinder of all members of the Massachusetts Deckhand Class would be impracticable.

50.  There are numerous common questions of both law and fact, such as the duties of members of the Massachusetts Deckhand Class and whether such duties are inconsistent with exempt status under Mass. Gen. Laws c. 151, §1A.

51.  The claims of Plaintiff Santacroce are typical of the claims of the Massachusetts Deckhand Class because each such Class Member was unlawfully classified as exempt from the overtime laws while having the same job duties, which were inconsistent with exempt status. Defendant's defense that said Plaintiff and the members of the Massachusetts Deckhand Class were correctly classified as exempt will be the same for each individual and will not turn on any individual differences in such persons' job duties.

52.  Plaintiff Santacroce has retained counsel experienced in class action litigation and, in particular, in litigating claims under Federal and Massachusetts overtime statutes. With the advice of such counsel, such Plaintiff will fairly and adequately protect the interests of the Massachusetts Deckhand Class.

53.  The prosecution of separate actions against the Defendant under Massachusetts law would create a risk of inconsistent or varying adjudications with respect to Plaintiff Santacroce and individual members of the Massachusetts Deckhand Class which would establish incompatible standards of conduct for the Defendant. In addition, adjudications with respect to individual members of the class could as a practical matter be dispositive of the interests of the other members of the Massachusetts Deckhand Class not parties to

such adjudications, or could substantially impede or impair their ability to protect their interests.

54. Questions of law or fact common to the members of the Massachusetts Deckhand Class predominate over any questions affecting only individual members of that Class. A class action is therefore superior to other available methods for the fair and efficient adjudication of the controversy. All of the facts material to resolving the common legal question of whether exemption from the Massachusetts overtime laws was appropriate are common to all members of the Massachusetts Deckhand Class. Facts not common to that Class are not material to resolving the common legal question of whether Defendant's exempt classification of the Massachusetts Deckhand Class was correct. Common issues predominate over any individual questions. There will be no difficulty in managing the case as a class action.

### COUNT III
### Massachusetts Law Class Action Claim on Behalf of Galley Staff

55. Plaintiff McGrath hereby incorporates and realleges the allegations contained in paragraphs 1 through 54, above.

56. In this Count, Plaintiff McGrath brings a separate cause of action pursuant to Mass. Gen. Laws c. 151, §§1A and 1B and Fed. R. Civ. P. 23 on behalf of all persons who worked for Defendant as Galley Staff in Massachusetts during the Rule 23 Class Period.

57. During the Rule 23 Class Period, Defendant has violated Massachusetts law by failing to pay Plaintiff McGrath time and one-half her regular rate of pay for all hours in excess of 40 hours which she worked within a workweek.

58. Pursuant to Fed. R. Civ. P. 23, Plaintiff McGrath brings this claim under Massachusetts law on behalf of herself and on behalf of all others employed by the Defendant as Galley Staff in Massachusetts during the Rule 23 Class Period. Plaintiff and all such similarly situated persons are hereinafter referred to jointly as "the Massachusetts Galley Staff Class" or "the members of the Massachusetts Galley Staff Class." The members of the Massachusetts Galley Staff Class are similarly situated because they all perform the same basic duties and assignments, and all are subject to Defendant's common policy and practice, implemented throughout the Commonwealth of Massachusetts, of classifying Galley Staff as exempt from the provisions of Mass. Gen. Laws c. 151, §1A.

### Jurisdiction

59. This Court has jurisdiction over Count II pursuant to 28 U.S.C §1367.

### Massachusetts Claim Allegations

60. The duties of the Massachusetts Galley Staff Class were essentially the same as the duties and activities of Plaintiff McGrath described above. At all times during the Rule 23 Class Period, all members of the Massachusetts Galley Staff Class were paid in the same manner and under the same standard employment procedures and practices as said Plaintiff.

61. Plaintiff McGrath and the members of the Massachusetts Galley Staff Class were all subject to the same unlawful policy or plan of Defendant under which they were classified as exempt from the provisions of Mass. Gen. Laws c. 151, §1A, despite the fact that such persons were assigned duties inconsistent with exempt status.

62. During the Rule 23 Class Period, Defendant was aware of the duties performed by Plaintiff McGrath and the Massachusetts Galley Staff Class within the Commonwealth of Massachusetts. Defendant also was fully aware that the duties of said Plaintiff and the members of the Massachusetts Galley Staff Class were inconsistent with exempt status, and that such persons were and are not exempt from the overtime provisions of Mass. Gen. Laws c. §151, §1A.

63. By their conduct, as set forth herein, the Defendant violated Mass. Gen. Laws c. 151, §1A by failing to pay Plaintiff McGrath and the Massachusetts Galley Staff Class time and one-half their regular hourly rates for hours worked in excess of forty hours during a workweek.

64. The Defendant's violations of Mass. Gen. Laws c. 151, §1A were repeated, willful and intentional.

65. Plaintiff McGrath and the members of the Massachusetts Galley Staff Class have been damaged by said violations of Mass. Gen. Laws c. 151, §1A.

66. Pursuant to Mass. Gen. Laws c. 151, §1A and §1B, Defendant is liable to Plaintiff McGrath and the members of the Massachusetts Galley Staff Class for three times their unpaid overtime compensation, plus their attorneys' fees and costs.

## Class Action Allegations

67. Plaintiff McGrath is currently unaware of the identities of all the members of the Massachusetts Galley Staff Class. On information and belief, at least 50 persons have worked for Defendant as Galley Staff in Massachusetts during the Rule 23 Class Period and would therefore be members of the Massachusetts Galley Staff Class. For this

reason, joinder of all members of the Massachusetts Galley Staff Class would be impracticable.

68. There are numerous common questions of both law and fact, such as the duties of members of the Massachusetts Galley Staff Class and whether such duties are inconsistent with exempt status under Mass. Gen. Laws c. 151, §1A.

69. The claims of Plaintiff McGrath are typical of the claims of the Massachusetts Galley Staff Class because each such Class Member was unlawfully classified as exempt from the overtime laws while having the same job duties, which were inconsistent with exempt status. Defendant's defense that Plaintiff McGrath and the members of the Massachusetts Galley Staff Class were correctly classified as exempt will be the same for each individual and will not turn on any individual differences in such persons' job duties.

70. Plaintiff McGrath has retained counsel experienced in class action litigation and, in particular, in litigating claims under Federal and Massachusetts overtime statutes. With the advice of such counsel, she will fairly and adequately protect the interests of the Massachusetts Galley Staff Class.

71. The prosecution of separate actions against the Defendant under Massachusetts law would create a risk of inconsistent or varying adjudications with respect to Plaintiff McGrath and individual members of the Massachusetts Galley Staff Class which would establish incompatible standards of conduct for the Defendant. In addition, adjudications with respect to individual members of the class could as a practical matter be dispositive of the interests of the other members of the Massachusetts Galley Staff Class not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

72.     Questions of law or fact common to the members of the Massachusetts Galley Staff Class predominate over any questions affecting only individual members of that Class. A class action is therefore superior to other available methods for the fair and efficient adjudication of the controversy. All of the facts material to resolving the common legal question of whether exemption from the Massachusetts overtime laws was appropriate are common to all members of the Massachusetts Galley Staff Class. Facts not common to that Class are not material to resolving the common legal question of whether Defendant's exempt classification of the Massachusetts Galley Staff Class was correct. Common issues predominate over any individual questions. There will be no difficulty in managing the case as a class action.

### Claims for Relief

WHEREFORE, Plaintiffs respectfully requests that the Court:

A.      Declare Count I of this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), and direct the Defendant to provide to the Plaintiffs lists of all persons employed by it as Deckhands or Galley Staff during the FLSA Class Period, including the last known address and telephone number of each such person, so that Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

B.      Determine the damages sustained by Plaintiffs and the members of the FLSA Deckhand and Galley Staff Classes as a result of Defendant's violations of 29 U.S.C. §207(a), and award those damages against the Defendant and in favor of Plaintiffs and all members of the FLSA Deckhand and Galley Staff Classes, plus an additional equal

amount as liquidated damages pursuant to 29 U.S.C. §216(b), and such interest as may be allowed by law;

C. Award Plaintiffs and the members of the FLSA Deckhand and Galley Staff Classes their costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees and such interest as may be allowed by law;

D. Grant Plaintiffs and the members of the FLSA Deckhand and Galley Staff Classes such other and further relief as the Court may deem just and proper;

E. Declare Counts II and III of this action to be maintainable as class actions pursuant to Fed. R. Civ. P. 23;

F. Under Count II, determine the damages sustained by Plaintiff Santacroce and the members of the Massachusetts Deckhand Class as a result of Defendant's violations of Mass. Gen. Laws c. 151, §§1A and 1B and award treble those damages against the Defendant and in favor of such Plaintiffs and all members of the Massachusetts Deckhand Class;

G. Under Count III, determine the damages sustained by Plaintiff McGrath and the members of the Massachusetts Galley Staff Class as a result of Defendant's violations of Mass. Gen. Laws c. 151, §§1A and 1B and award treble those damages against the Defendant and in favor of such Plaintiff and all members of the Massachusetts Galley Staff;

H. Award Plaintiffs and the members of the Massachusetts Deckhand and Galley Staff Classes their costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees and such interest as may be allowed by law; and

I.       Grant Plaintiffs and the members of the Massachusetts Deckhand and Galley Staff Classes such other and further relief under Massachusetts law as the Court may deem just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

By their attorneys,

_____
Thomas V. Urmy, Jr. (BBO #506620)
Todd S. Heyman (BBO #643804)
Matthew L. Tuccillo (BBO #643336)
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
(617) 439-3939

Vincent P. Dunn (BBO #551034)
DUNN AND DUNN
One Union Street
Boston, Massachusetts 02108
(617) 523-2950