UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVE SANTACROCE,
CHRIS McLAUGHLIN, and
SANDRA McGRATH,
Individually and on Behalf of All Other
Persons Similarly Situated,

    Plaintiffs,
        v.

BOSTON HARBOR CRUISE LINES, INC.,

    Defendant.

C.A. No. 06-CA-11299-GAO

## DECLARATION OF MARK POHLMAN

1.     My name is Mark Pohlman. I am an opt in plaintiff in this action. I was employed by the Defendants as a Deckhand between roughly the summer of 2001 and the summer of 2003. Defendant operates cruise vessels in and around Boston Harbor.

2.     As a Deckhand, my job primarily involved the following tasks: stocking boat supplies; collecting tickets from passengers, counting them, and assisting them in boarding and disembarking the boats to ensure their safety; cleaning the decks, exteriors and windows of the boats; cleaning restroom areas on the boats and removing trash from the boats; filling the boat's water tank; performing safety announcements; and administering First Aid to passengers.

3.     Substantially more than twenty percent (20%) of my time was spent on tasks of this nature, which were not rendered primarily as an aid in the operation of the vessel as a means of transportation.

4.     During the course of my employment by Defendants, I have worked on numerous vessels, including the following: Nora Vittoria; Aurora; Matthew J. Hughes; and Laura. On each

of these vessels, my job duties as outlined above (in ¶2) and the percentage of my time spent performing these duties as outlined above (in ¶3) were the same.

5. During the course of my employment by Defendants, I have worked on vessels which were performing the following types of trips: Commuter trips; Whale watch trips; Harbor cruises; Provincetown trips; and special events trips. On each type of trip, my job duties as outlined above (in ¶2) and the percentage of my time spent performing these duties as outlined above (in ¶3) were the same.

6. During the course of my employment by Defendants, I have worked with other Deckhands, including Michael Pohlman, Brendan Conley, Ryan Conley, Brian Callahan, Matt Meister, and Chris McLaughlin. Based on my personal observations, as well as the facts outlined in ¶¶4 and 5 above, I can say that these other Deckhands performed similar duties to the ones I performed (as described in ¶2 above) and spent roughly the same percent of their time (as described in ¶3 above) performing these duties. In that regard, my experience working for the Defendant was typical of the experiences of all Deckhands.

7. I and other Deckhands of whom I am aware were paid a set hourly wage and regularly worked substantially in excess of forty (40) hours per week, in particular during the "peak" summer season.

8. Defendant did not pay me time and one-half my regular hourly rate of pay for any hours which I worked in excess of forty (40) in any week. Defendant did not pay any Deckhands of whom I am aware time and one-half their regularly hourly rate of pay for hours worked in excess of forty (40) in any week. My experience is typical of that of other Deckhands employed by the Defendant.

9.  I and the other Deckhands employed by the Defendant during the Class Period have together been the victims of a single illegal policy or plan of the Defendant: its refusal to pay us overtime wages owed to us under the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq*. During the Class Period and before, the Defendant's overtime policies have been identical with respect to all of us.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON NOVEMBER _____, 2006.

_____
Signature

____Mark Pohlman____
Print Name