# SHAPIRO HABER & URMY LLP

Attorneys at Law

Thomas G. Shapiro
Edward F. Haber
Thomas V. Urmy, Jr.
Michelle H. Blauner
Todd S. Heyman
Matthew L. Tuccillo
Adam M. Stewart
Robert E. Ditzion

September 20, 2007

*Counsel*

Lawrence D. Shubow
Alfred J. O'Donovan

E-mail:
mtuccillo@shulaw.com

**Via e-mail and First Class Mail**

Mary E. O'Neal, Esq.
Masterman, Culbert & Tully
One Lewis Wharf
Boston, MA 02110

Re:   *Santacroce, et al. v. Boston Harbor Cruise Lines, Inc.* No. 06-CA-11299-GAO

Dear Beth:

      This letter serves to respond to your letter of August 17, 2007 regarding statute of limitations issues concerning certain opt in Plaintiffs in the captioned action, in light of the payroll records that you provided me under cover of your August 17th letter.[1] We had previously agreed that I would provide you with such a response by today.

      With respect to three such individuals - Gail Crane, Edward McGrail, and Marc Pohlman - you have raised only the issue of a two-year statute of limitations. As you are aware, claims pursuant to the Fair Labor Standards Act ("FLSA") may benefit from a three-year statute of limitations if the conduct of your clients is found to have been a willful violation of the statute. *See* 29 U.S.C. §255(a). At this stage of the litigation, the Court has not yet made a determination as to the wilfulness of your clients' conduct. As such, and as I stated in my letter of August 8, 2007, it is premature to address any potential time-bar issue with respect to these individuals.

      You have raised the issue of a three-year statute of limitations bar concerning other opt in Plaintiffs listed in your letter of August 17th. As I have previously stated, we intend to argue with respect to certain of these individuals that their filing a consent in Megan McLaughlin's case should act to toll the statute of limitations with regards to their claims. We intend to raise this argument with respect to Susan Cardenas, John Hamm, and Michael Fitzgerald.

---

[1] One exception is the payroll record for opt in Plaintiff Toby Grossman, which you just forwarded to me yesterday.

## SHAPIRO HABER & URMY LLP

Mary E. O'Neal, Esq.
September 20, 2007
Page 2

      With regards to the rest, our position is as follows. We have heard back from Phil Correia and Keryn Moore, who both confirmed as accurate the termination date that you reported to us. With respect to these two individuals, we will not oppose (but will not assent to) a motion to dismiss their claims. We have not yet heard back from Courtney Moore, Keith Carrico, and of course Toby Grossman (whose records you just provided to me yesterday). With respect to these three individuals, our position at this time is that we will oppose a motion to dismiss their claims, unless and until we verify with them that the termination dates you reported to us are accurate.

      I also want to address now the issue of the many mistakes in Fred Nolan's affidavit, filed with the Court in opposition to our notice motion back in March 2007. In light of the payroll records you provided to me, the purported termination dates set forth in Mr. Nolan's affidavit, which he signed under pains and penalties of perjury, are incorrect with regards to Keith Carrico, John Hamm, and Courtney Moore. Furthermore, as I indicated to you in my letter of August 8, 2007, the purported termination date set forth in Mr. Nolan's affidavit for Michael Fitzgerald is dramatically off the mark. Instead of June 25, 2000, as reported in Mr. Nolan's affidavit, Mr. Fitzgerald has confirmed for me that he worked at BHC until November 2003.

      You indicated to me, in your August 17th letter and several times over the telephone, that you intend to file with the Court a corrected affidavit by Mr. Nolan. It is very important that you do so promptly, and in any event before we appear for our status conference on October 1, 2007. As such, I ask that you please confirm in writing now your intent to file Mr. Nolan's corrected affidavit by **Wednesday, September 26, 2007,** to give the court sufficient time to review it. If I do not hear back from you on this point, we will have no alternative other than to file a letter with the Court ourselves pointing out the many inaccuracies contained in Mr. Nolan's affidavit.

                                          Very Truly Yours,

                                          Matthew L. Tuccillo

cc:    Thomas V. Urmy, Jr. (w/ encl.)
        Vincent Dunn (w/ encl.)