## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CHRIS McLAUGHLIN and
SANDRA McGRATH,
Individually and on Behalf of All Other
Persons Similarly Situated,

                                    Plaintiffs,

          v.

HARBOR CRUISES LLC
and NOLAN ASSOCIATES LLC
(both d/b/a "Boston Harbor Cruises")
and FREDERICK L. NOLAN III,

                                    Defendants.

C.A. No.  06-CA-11299-GAO

**Leave to file granted on 2/11/2008**

## PLAINTIFFS' OPPOSITION TO
## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs respectfully file this Opposition to Defendants' Motion for Partial Summary

Judgment (Docket No. 51)("Defendants' Motion").  In response to Defendants' Motion, the

Plaintiffs state as follows.

## BACKGROUND

This Fair Labor Standards Act ("FLSA") collective action was preceded by another

action concerning the overtime pay practices of Boston Harbor Cruises (the d/b/a name under

which the cruise vessel business at issue operated during all relevant times).  The predecessor

action was *McLaughlin v. Boston Harbor Cruises, Inc. et al*, No. 1:03-cv-10905-GAO, which

was filed on May 14, 2003.  *See* Plaintiffs' Statement of Facts, ¶1 and Exh. 1.[1]

---

[1]  The accompanying Plaintiffs' Statement of Undisputed Facts in Support of Their Opposition to
Defendants' Motion for Partial Summary Judgment is referred to herein as "Plaintiffs' Statement of Facts."  All
"Exh." references herein relate to the exhibits attached to Plaintiffs' Statement of Facts.

The *McLaughlin* complaint made clear in several important respects that it had been filed as a purported FLSA collective action.  First, it was captioned as having been filed by "MEGAN McLAUGHLIN, on behalf of herself and all those similarly situated."  *See* Plaintiffs' Statement of Facts, ¶2 and Exh. 2 at 1.  Second, its first page contained the heading, "COLLECTIVE ACTION," immediately below which appeared the following sentence:  "Pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), Plaintiffs [sic] bring this action on behalf of herself and other similarly situated employees." *Id.*, ¶3 and Exh. 2 at 1.  Third, it described the named plaintiff's employment as a deckhand by "Boston Harbor Cruises," described the hours she worked above 40 per week, stated that she was not paid overtime for such hours, and alleged that she was not exempted from the FLSA because she did not qualify as a "seaman" as defined in applicable statutes and regulations.  *Id.*, ¶4 and Exh. 2 at 1-2.  Finally, it articulated a count for relief under the FLSA, 29 U.S.C. §216(b).  *Id.*, ¶5 and Exh. 2 at 2-4.  That count realleged and incorporated by reference the preceding text in the complaint, including the "Collective Action" allegations.  *Id.* and Exh. 2 at 2.  That count also alleged FLSA violations by the Defendants "in each instance in which the Plaintiffs are entitled to damages" and alleged that "Plaintiffs" were entitled to damages and liquidated damages under the FLSA.  *Id.* and Exh. 2 at 4.

While *McLaughlin* remained pending, roughly 20 individuals, believing *McLaughlin* to be a properly filed FLSA collective action, sought to file Consent forms in *McLaughlin* indicating their intention to opt in as FLSA plaintiffs.  *See* Plaintiffs' Statement of Facts, ¶6 and Exh. 1, Docket Nos. 24, 28, 36.  Among them, the seven individuals at issue in Defendant's Motion - Susan Cardenas, John J. Hamm III, Keith Carrico, Phillip Correia, Toby Grossman,

Courtney Moore, and Keryn Moore - all filed a "Consent To Opt In As A Plaintiff" in

*McLaughlin* on January 20, 2006.  *See* Plaintiffs' Statement of Facts, ¶7; Exh. 3.

It was not until seven months later, on July 17, 2007, that the Court made its ruling that

*McLaughlin* could only proceed as an individual, not a collective, action.  *Id.*, ¶8; Exh. 1,

*McLaughlin* Docket No. 41.  This action was filed immediately thereafter, on July 27, 2006.

Each of the aforementioned seven individuals re-filed an opt in Consent in this action between

August 8-18, 2006.  *Id.*, ¶9; *see also* Docket Nos. 2, 7, 8, 9 in this action.

<u>ARGUMENT</u>

Defendants have moved for partial summary judgment with regards to seven individuals:

Susan Cardenas, John J. Hamm III, Keith Carrico, Phillip Correia, Toby Grossman, Courtney

Moore, and Keryn Moore, all of whom filed an opt in Consent form in *McLaughlin* and then

another opt in Consent form in this action once *McLaughlin* was deemed to be an individual and

not a collective FLSA action.  With regards to all seven individuals, Plaintiffs oppose

Defendants' Motion, on the following grounds.

**I.      Due To The Defendants' Conduct, The FLSA's Three-Year Statute Of Limitations
         Should Be Equitably Tolled With Regards To All Seven Individuals At Issue**.

Defendants' conduct, taken as a whole, has served to misinform its employees as to their

rights under the FLSA so as to dissuade them from individually or collectively filing suit to

recoup their unpaid overtime wages.  Defendants' conduct has included all of the following.

<u>First</u>, a deckhand employed by Defendant Harbor Cruises LLC, doing business as Boston

Harbor Cruises, sued the company in 1999 or 2000 regarding the issue of overtime pay.  *See*

Exh. 5 at 149-151.  The company quietly paid off the employee via a settlement.  *Id.* at 150.  In

the wake of this lawsuit, the company did not overhaul its overtime pay policies or alert

employees as to the possibility of receiving compensation for unpaid overtime if they initiated

formal suit.   Another employee questioned Defendants' overtime pay practices in 2002.  *Id.* at

161.  Yet, this inquiry likewise did not prompt the company to change its policies.

Instead, <u>second</u>, since at least January 2003 and continuing to the present, Defendant

Harbor Cruises LLC and Defendant Nolan Associates LLC, both doing business as Boston

Harbor Cruises, have distributed to employees a document entitled "Wage and Benefit

Guidelines."  *See* Plaintiffs' Statement of Facts, ¶9; Exh 4; Exh. 5 at 67, 69.  This document

reaffirmed the company's policy of refusing to pay overtime to deckhands and galley staff, in the

following paragraph:

> [E]mployees employed as 'seamen' or 'transportation employees' are 'exempt
> employees,' and are not entitled to receive payment of an overtime premium for
> hours worked in excess of 40 hours in a workweek under federal and/or state law.
> Among others, employees of BHC employed on board vessels as...deckhands and
> galley personnel are exempt.

Exh. 4 at 5-6; Exh. 5 at 130-131.

<u>Third</u>, when employees raised informal inquiries about overtime pay, they were given

incomplete and misleading answers.  For instance, at a "Captain's meeting" in 2004 or 2005,

Defendant Frederick Nolan was asked by a crewmember about the issue of overtime pay, and in

particular, the status of the then-pending *McLaughlin* action.  *See* Exh. 5 at 169-170.  Nolan told

all employees assembled at the meeting that "the case was dismissed with prejudice by the judge

and that it supported the company's position on the issue."  *Id.* at 170.  The topic of overtime pay

was never broached at subsequent meetings, and Nolan never advised any deckhands or galley

staff that the decision dismissing *McLaughlin* had been reversed on appeal and the case

4

reinstated.  *Id.*  Instead, he let linger the impression his prior remarks had created that the court had validated company policy against overtime pay.

Fourth, there is no evidence that the Defendants ever posted in their offices or on board the vessels on which their employees worked, during the employment tenure of any of the seven individuals who are the subject of Defendants' Motion, the notice required by 29 C.F.R. §516.4, which is intended to alert employees to their rights under the FLSA.  "An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations." *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) *citing Bonham v. Dresser Indus.*, 569 F.2d 187, 193 (3d Cir. 1978).

The doctrine of equitable tolling applies to all federal statutes of limitation, including that which governs claims under the FLSA.  *Blake v. CMB Constr.*, 1993 WL 840278, *6 (D.N.H. Mar. 30, 1993) *citing Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946).  On the facts at bar, the Court should apply the doctrine of equitable tolling with regards to the FLSA limitations period applicable to the seven plaintiffs at issue in Defendant's motion, so that their claims are deemed to not be time-barred.  Such a ruling by the Court would follow the sound reasoning of other federal courts that applied the equitable tolling doctrine in similar circumstances.  *See*, *e.g.*, *Blake*, 1993 WL 840278 at *6 (applying doctrine where defendant employer mislead plaintiff with regard to her employment status, failed to correct obvious confusion concerning FLSA overtime pay rights, failed to post the statutory notice required by 29 C.F.R. §516.4, and engaged "in a general course of conduct likely to confuse...employees with regard to their overtime pay rights under the Act"); *Kamens*, 586 F. Supp. at 328 (applying doctrine to plaintiffs' FLSA

claims where defendant employer was alleged to have made affirmative misrepresentations to plaintiffs and to not have posted the statutorily required notice discussed in 29 C.F.R. §516.4).[2]

## II.      Two Plaintiffs Should Also Benefit From Tolling Based Upon The Filing Of Their Opt In Consent In The *McLaughlin* Action.

The FLSA makes clear the procedure by which non-named plaintiffs can seek to join an action that was filed as a collective action under the statute, stating in relevant part:

> In determining when an action is commenced for [limitations] purposes...in the case of a collective action instituted under the Fair Labor Standards Act...it shall be considered to be commenced in the case of any individual claimant...on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. §256.  Interpreting this provision, courts have stated, "When a putative plaintiff opts in by filing a consent form, his action 'commences' and interrupts the running of the statute of limitations."  *Camp v. The Progressive Corp.*, 2002 WL 31496661, *6 (E.D. La. Nov. 8, 2002).

There are important public policy reasons behind this approach.  "Congress' purpose in authorizing §216(b) class actions was to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer."  *Prickett v. Dekalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003) *citing De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 306 (3d Cir. 2003)(discussing the legislative history of the Portal-to-Portal Act, which amended FLSA to add the class action provision in order to reduce

---

[2] Defendants have obstructed Plaintiffs' discovery into their litigation and regulatory/governmental history concerning overtime pay practices, as discussed at length in Plaintiffs' pending Motion to Compel (Docket No. 43). Among other things, Defendants improperly have refused to provide additional details (beyond those set forth *supra*) about the case filed in this district in 1999/2000 and improperly have blocked altogether any inquiry into the employee inquiry made in 2002 or into the circumstances that arose regarding its out-of-state operations.  This as-yet undisclosed history relates directly to Plaintiffs' argument concerning application of the equitable tolling doctrine. As such, if the Court is not inclined to decide now that the doctrine applies, it should nevertheless rule that it would be premature to dismiss the claims at issue in Defendant's Motion until Plaintiffs obtain full and complete discovery on these matters and have had a chance to address them in supplemental briefing on the motion.

the number of FLSA lawsuits being filed in federal court).  Thus, federal courts tend to liberally

construe opt in efforts by plaintiffs, so as to lessen the administrative burden on them and on the

courts.  *See*, *e.g.*, *Prickett*, 349 F.3d at 1297 (rejecting defendant employer's argument that new

consents needed to be filed to encompass claims newly asserted via an amended complaint as

being an "inefficient result" that would thwart congressional intent insofar as "those who fail to

file written re-consents in time would be required to file new actions on their own behalf"); *Soler*

*v. G & U, Inc.*, 103 F.R.D. 69, 76-77 (S.D.N.Y. 1984)(rejecting, because "the FLSA does not

require this level of specificity," employers' argument that "general" consents not naming any

specific defendant were an inadequate basis for an opt in plaintiff in one FLSA collective action

to become a named plaintiff in another FLSA collective action that named a different defendant

entity but that was consolidated with the first action).

        Here, both Susan Cardenas and John J. Hamm III filed a Consent in *McLaughlin* on

January 20, 2006, which was less than three years after their last date of employment by the

Defendant, April 5, 2003 and August 16, 2003, respectively.[3]  As discussed in detail  *supra*, the

*McLaughlin* complaint, by its express language, clearly indicated an intent for it to serve as an

FLSA collective action.  In reasonable reliance thereon, Ms. Cardenas and Mr. Hamm chose to

file a Consent and opt in to that action, rather than filing separate individual lawsuits as they

were free to do at that time.  It was not until seven months after they did so that this Court

deemed *McLaughlin* to be an individual and not a collective action.  After that ruling, this action

was immediately filed and Ms. Cardenas and Mr. Hamm promptly re-filed a Consent in this

---

[3]  The other five individuals at issue in Defendants' Motion also filed opt in Consents in *McLaughlin* on
January 20, 2006.  However, with respect to them, that date appears to have been more than three years following
their termination as employees of the Defendants.  Thus, those five individuals must rely upon the equitable tolling
argument only.

action.  On these facts, the Court should deem the limitations period applicable to their claims to

have been tolled with the filing of their Consent into *McLaughlin.*  Such a ruling would be in line

with the First Circuit's guidance as to how to interpret and apply the FLSA.  *See*, *e.g.*,

*McLaughlin v. Boston Harbor Cruise Lines, Inc.*, 49 F.3d 47, 58 (1st Cir. 2005)("[T]he Supreme

Court has cautioned that, because of the FLSA's 'remedial and humanitarian' purposes, the

statute 'must not be interpreted or applied in a narrow, grudging manner.") *quoting Tenn. Coal,*

*Iron & R.R. Co. V. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944).

## <u>CONCLUSION</u>

For all these reasons, Plaintiffs respectfully urge the Court to deny Defendants' Motion

for Partial Summary Judgment (Docket No. 51).  Alternatively, if the Court feels that the

evidentiary record is not yet sufficiently developed to permit a decision on the motion and in

particular on the question of whether the equitable tolling doctrine applies, *see supra* n.2, then

Plaintiffs urge the Court to defer its ruling until after Plaintiffs' Motion to Compel (Docket No.

43 has been decided and, if that motion is granted, until after the ensuing discovery has been

obtained, digested, and discussed in supplemental briefing to the Court on this motion.

Dated: February 11, 2008                    **Plaintiffs**,

                                            By their attorneys,

                                            **/s/ Matthew L. Tuccillo**
                                            Thomas V. Urmy, Jr. (BBO #506620)
                                            Todd S. Heyman (BBO #643804)
                                            Matthew L. Tuccillo (BBO #643336)
                                            **SHAPIRO HABER & URMY LLP**
                                            53 State Street
                                            Boston, MA 02109
                                            Telephone: (617) 439-3939
                                            Facsimile: (617) 439-0134

Vincent P. Dunn (BBO #551034)
**MELICK, PORTER & SHEA, LLP**
28 State Street
Boston, Massachusetts 02109
(617) 523-6200

**Certificate of Service**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants on February 11, 2008.

**/s/ Matthew L. Tuccillo**
Matthew L. Tuccillo