UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRIS McLAUGHLIN and
SANDRA McGRATH,
Individually and on Behalf of All Other
Persons Similarly Situated,
                               Plaintiffs,

v.

HARBOR CRUISES LLC
and NOLAN ASSOCIATES LLC
(both d/b/a "Boston Harbor Cruises")
and FREDERICK L. NOLAN III,
                               Defendants.

C.A. No. 06-CA-11299-GAO

**DECLARATION OF THOMAS V. URMY, JR.
IN SUPPORT OF PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION OF CLAIMS ALLEGED IN
<u>COUNTS II AND III OF THE SECOND AMENDED COMPLAINT</u>**

Thomas V. Urmy, Jr., an attorney duly admitted to practice before this Court and counsel of record for the Plaintiffs in this action, hereby states under pains and penalties of perjury:

1. Annexed hereto as Exhibit 1 is a copy of page 29 of Defendants' Crew Orientation and Training Manual that was marked as Exhibit 21 at the July 24, 2007 deposition of Defendant Frederick L. Nolan III and describes the duties of Boston Harbor Cruises Deckhands.

2. Exhibit 2 hereto is a copy of page 97 of the transcript of Mr. Nolan's deposition, in which he stated that the Deckhand duties listed on page 29 of Exhibit 21 "are fairly comprehensive and include most of the duties of the deckhands."

3. Exhibit 3 hereto are copies of pages 74 and 75 of the transcript of Mr. Nolan's deposition in which he stated, *inter alia*, that "generally I think all deckhands, whether they're acting as a senior deckhand or not, have very similar responsibilities and duties during the course of a typical trip" except if the senior deckhand was required to take charge of the vessel, and that no senior deckhand had been required to take charge of a vessel since January 1, 2003.

4. Attached hereto as Exhibit 4 is a copy of page 30 of Defendants' Crew Orientation and Training Manual (also Bates-stamped 000094), which lists the duties of Defendants' Galley Attendants.

5. Exhibit 5 hereto is a copy of page 106 of the transcript of Mr. Nolan's deposition, in which he stated that when somebody is working as a galley attendant, they are doing the type of work that is specified on page 30 of the Crew Orientation and Training Manual.

6. Exhibit 6 hereto is a copy of page 111 of the transcript of Mr. Nolan's deposition, in which the following exchange took place:

Q: Are the duties of a galley attendant essentially the same no matter what kind of vessel they're on, recognizing some are bigger than others, but –

A: Yes. They're pretty similar I would say.

7. Exhibit 7 hereto is the list of 328 Deckhands and Galley Staff provided to Plaintiffs' counsel by counsel for Defendants, who were represented by Defendants' counsel to be the putative opt-in Plaintiffs to whom Plaintiffs should send the FLSA Notice authorized by the Court.

8. Exhibit 8 hereto is a list of the 59 persons who sought to opt into this case under the Fair Labor Standards Act. According to information provided to Plaintiffs' counsel by Defendants' counsel, only 3 of those persons are currently employed by either of the Defendants.

9. I and my firm have had extensive experience in prosecuting FLSA and state law overtime cases on behalf of classes of employees. A partial list of such cases is attached as Exhibit 9 to this declaration.

10. Exhibit 10 hereto is a copy of Chapter 80 of the Massachusetts Acts of 2008, amending, *inter alia*, the treble damages provision of Mass. Gen. Laws c. 151, §1B.

Signed under penalties of perjury this 1st day of May, 2008.

/s/ Thomas V. Urmy, Jr.
Thomas V. Urmy, Jr.

**CERTIFICATE OF SERVICE**

I certify that this document, filed through the ECF system, will be sent electronically to the registered participants on the date of its filing with the Court.

**/s/ Thomas V. Urmy Jr.**
Thomas V. Urmy, Jr.