UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHRIS McLAUGHLIN and <br> SANDRA McGRATH, <br> Individually and on Behalf of <br> All Other Persons Similarly Situated, <br>     Plaintiffs <br> <br> v. <br> <br> HARBOR CRUISES LLC, <br> NOLAN ASSOCIATES LLC <br> (both d/b/a "Boston Harbor Cruises") and <br> FREDERICK L. NOLAN, III, <br>     Defendants | CIVIL ACTION NO. <br> NO. 06-CA-11299-GAO |

**AFFIDAVIT OF FREDERICK L. NOLAN, III IN SUPPORT OF DEFENDANTS' OPPOSITION TO THE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION OF CLAIMS ALLEGED IN COUNTS II AND III OF THE <u>SECOND AMENDED COMPLAINT</u>**

I, Frederick L. Nolan, III, state the following under pains and penalties of perjury.

1. I am a member of Harbor Cruises LLC and Nolan Associates LLC.

2. I have personal knowledge of the drug testing requirements of and drug testing procedures employed by, Harbor Cruises LLC and Nolan Associates LLC (collectively "Boston Harbor Cruises"). All individuals who work aboard the vessels (which includes Captains and deckhands) are required to undergo a drug test upon selection for hire, as a condition of hire and then, randomly, during their employment. Boston Harbor Cruises has contracted with Concentra Inc. ("Concentra"), an independent third party vendor, to conduct the drug testing, including the random testing. The procedure followed for the random testing is as follows. Concentra maintains a data base of names of Boston Harbor

Cruises' employees who are subject to random testing.  By a computerized program of random selection, Concentra selects the names of Boston Harbor Cruises' employees who are to be drug tested.  Concentra notifies Boston Harbor Cruises when an employee's name is selected.  Boston Harbor Cruises then notifies the employee that his/her name has come up and the employee is instructed to go to Concentra's Medical Center location at Logan Airport (specifically One Harborside Drive in Boston) to submit to the drug test.  The employee must comply within a defined time period or be subject to termination.

3. This is the procedure that was followed when Shaun M. Nye was selected for a random drug test by a computerized program of random selection by Concentra on January 8, 2008 (being *before* the date when Mr. Nye filed his opt in consent on January 10, 2008).  He, along with three other employees, Francis Keith, Paul Locke and William Manley (two of whom were on the Notice List provided by Boston Harbor Cruises' counsel to Plaintiffs' counsel for purposes of the Notice to potential opt in plaintiffs sent by Plaintiffs, being Paul Locke and William Manley, neither of whom opted in) were selected on January 8, 2008 for a random test.  On the same day (January 8, 2008) Boston Harbor Cruises was notified by Concentra of the random selection list and provided with the list, along with individualized Notification of Scheduled Drug Test ("Notification") dated January 8, 2008, prepared by Concentra and addressed to each selected employee.  **See Exhibit "A"**, attached.  Each selected employee, including Mr. Nye, received the Notification, and then signs it and brings it with him/her to Concentra when the test is administered.

4. Boston Harbor Cruises also tests for the presence of drugs and alcohol as mandated by the United States Coast Guard in the event, for example, of a "serious

marine incident", which includes, but is not limited to, collisions, groundings, foundering, etc. In addition, Boston Harbor Cruises may require an employee to undergo a drug/alcohol test based upon a reasonable suspicion of the employee being under the influence. Neither of these scenarios was the case when Mr. Nye was recently tested. Rather, it was, as described above, the result of the random selection and testing procedures undertaken by Concentra.

5. Boston Harbor Cruises has, since at least 2003, published an Employee Policy Package, which includes the company's policies on alcohol and drugs, including testing (pre-employment, random and reasonable suspicion). Copies of excerpts from the Employee Policy Package published in 2005 is attached as **Exhibit "B."**

6. I can state unequivocally that I am not aware of any adverse actions undertaken by Boston Harbor Cruises against any employee who has opted in to this litigation. In fact, after I was notified of the identities of the opt in plaintiffs by Boston Harbor Cruises' counsel, I only informed the two other members of Boston Harbor Cruises, my brother, Chris Nolan and my daughter, Alison Nolan, of the identities of the employees (former or current) who opted in. This was so as to insure that no current employee who opted in would be treated any differently. In fact, named plaintiff Sandra McGrath was employed when she brought this action in July of 2006.[1] Her employment later ended in October of 2006, when she did not return to work from a workers' compensation injury. At no time has she made any allegations of retaliatory treatment.

---

[1] Sandra McGrath was employed from August 22, 2004 through October 19, 2006; and the other two named plaintiffs, Steve Santacroce (who was eliminated as a named plaintiff in the Second Amended Complaint and did not, in any event, file an opt in consent) was employed from January 4, 2004 through April 11, 2005 and Chris McLaughlin was employed from June 18, 2001 through October 27, 2005.

- 4 -

In addition, of the 314[2] individuals listed on the Notice List provided by Boston Harbor Cruises' counsel to Plaintiffs' counsel (a true and accurate copy of which is attached as Exhibit 7 to the Declaration of Thomas V. Urmy, Jr., Esquire dated May 1, 2008 in support of the Plaintiffs' Motion for Class Certification), only 41 of them were employed on the date Plaintiffs' notices to potential opt in plaintiffs were sent out (which I understand was November 26 , 2007; see **Exhibit "C"**).  Of that number, 5 of them[3] opted in.  None of them have made any allegations of retaliatory treatment, with the exception of Mr. Nye, whose allegations regarding retaliatory treatment are limited to the random drug test to which he was required to submit, the circumstances of which have been explained, above.

7.      Prior to Plaintiffs' notices to the potential opt in plaintiffs being sent out, 12 individuals, plus the 2 named plaintiffs, Sandra McGrath and Chris McLaughlin, filed opt in consents.  Subsequent to Plaintiffs' notice to the potential opt in plaintiffs being sent out, 44 individuals opted in.  Of this number, 3 were voluntarily dismissed, without prejudice (on account of the filing of their opt in consents beyond the statute of limitations) and 1 withdrew (on account of the filing of his opt in consent beyond the date ordered by the Court).  One additional individual who was mistakenly not included on the Notice List, but should have been, also filed her opt in consent.  The total number of valid opt in consents filed is 55.

---

[2] Plaintiffs, through their counsel Thomas V. Urmy, Jr., have stated that the Notice List contains the names of 328 individuals (see Declaration of Thomas V. Urmy, Jr. submitted in support of Plaintiffs' Motion for Class Certification, dated May 1, 2008, Paragraph 7, Exhibit 7).  This is not correct and  there are 314 individuals listed in the Notice List (which total counts only once, 4 individuals who were listed twice).

[3] They are: Jason Foote, Sean Lemire, Shaun Nye, Doug Riley and Matthew Tomkewicz.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 22nd DAY OF MAY, 2008.

                        **/s/ Frederick L. Nolan III**
                        FREDERICK L. NOLAN, III

## CERTIFICATE OF SERVICE

I, Mary E. O'Neal, Attorney for Defendants, Harbor Cruise LLC and Nolan Associates LLC, hereby certify that the foregoing Affidavit of Frederick L. Nolan, III in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification of Claims Alleged in Counts II and III of the Second Amended Complaint, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of the Electronic Filing.

                        **/s/ Mary E. O'Neal**
                        MARY E. O'NEAL

Dated: May 22, 2008