UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 06-11299-GAO

CHRIS MCLAUGHLIN and SANDRA MCGRATH, Individually and on Behalf of All Other Persons Similarly Situated,
Plaintiffs,

v.

HARBOR CRUISES LLC, NOLAN ASSOCIATES LLC, and FREDERICK L. NOLAN, III,
Defendants.

OPINION AND ORDER
March 31, 2009

O'TOOLE, D.J.

Count I of the second amended complaint in this action asserts collective action claims for unpaid overtime pay alleged to be due under the provisions of the Fair Labor Standards Act ("FLSA") on behalf of persons who are or have been employed by the defendants as "deckhands" or "galley staff" on vessels operated by the defendants. Subject matter jurisdiction is based on 28 U.S.C. § 1331 (federal question). Count II alleges similar claims on behalf of deckhands under the Massachusetts overtime statute, Mass. Gen. Laws ch. 151, §§ 1A and 1B, and Count III alleges similar state law claims on behalf of galley staff. Subject matter jurisdiction for the state law claims is based on 28 U.S.C. § 1367(a) (supplemental jurisdiction).

The plaintiffs seek to pursue the claims set forth in Counts II and III as class action claims, pursuant to Fed. R. Civ. P. 23, and have moved for certification of the respective classes of deckhands and galley staff. The defendants oppose certification of the claims as class action claims and have cross-moved to dismiss Counts II and III. The issues presented by the cross-motions have

been extensively briefed and argued. After consideration of the parties' submissions and oral presentations, I conclude that the plaintiffs' motion for class certification (dkt. no. 106) should be GRANTED, and the defendants' cross-motion to dismiss (dkt. no. 121) should be DENIED.

I conclude that the prerequisites to a class action under Rule 23(a) are satisfied. First, the respective classes include numbers of employees that make individual joinder impracticable. The notice sent to prospective members of the FLSA class under Count I was sent to over 300 persons employed by the defendants since late 2004. Together the classes described in Counts II and III would include a similar number, and while the breakdown between the two classes is not known at this point, it seems likely that the smaller of the two classes will still include at least several dozen of employees.

Second, the question of the applicability of the "seaman" exemption is common to all members of each class. Although it is not certain, it appears likely that the determination whether a person employed either as a deckhand or as galley staff should be classified as a seaman for purposes of the exemption will not vary employee to employee within the respective classes, but rather will be determined by reference to standard duties performed by all persons within each class. If that should turn out not to be true, of course, a class may later be decertified. Individual computation of damages will be necessary, but it is likely that such computation will be more a question of arithmetic than resolution of disputed factual issues.

Third and fourth, for similar reasons, the class representative's claims are typical of the members' claims, and therefore the class representatives will fairly and adequately protect the interests of absent class members, because the interests of the representatives and the class members are congruent.

I also conclude that because the controversial question central to the claims in both Counts II and III is the applicability of the seaman exemption, that question common to all members of the class predominates over questions, such as the computation of damages, affecting individuals differently, and for this reason, the class action determination of the applicability of the seaman exemption is a method of adjudication of the actual controversy between the parties that is superior to individual adjudication. See Fed. R. Civ. P. 23(b)(3). There is also a danger that individual adjudication of the issue could result in inconsistent or varying adjudications that would establish incompatible standards of conduct for the defendants or similarly situated employers. See Fed. R. Civ. P. 23(b)(1)(A).

In this case, the adjudication of the claims of the "opt-out" classes under state law is not incompatible with the adjudication of the claims of the "opt-in" class under the FLSA. There is no elaboration of the definition of "seaman" for purposes of the state law overtime exemption in Massachusetts statutory, regulatory, or decisional law. In construing the scope of exemptions in Mass. Gen. Laws ch. 151, § 1A, the state courts have said that they will ordinarily follow the interpretation given cognate federal exemptions by the federal courts. See Swift v. AutoZone, Inc., 806 N.E.2d 95, 98 (Mass. 2004). Accordingly, the question of the interpretation and scope of the "seaman" exemption will as a practical matter be given the same answer under all counts of the complaint. There is essentially a common question of law in all counts, and it is appropriate to determine the answer to that question in a single action. For this reason, I decline to dismiss the state law claims pursuant to 28 U.S.C. § 1367(c).

I decline to reach the argument that the state law overtime claims are impliedly preempted by the FLSA, raised by the defendants for the first time in their recently filed supplemental briefing. I regard the argument as waived for not having been presented in a more timely fashion. I further note that the answer to the second amended complaint does not assert preemption as an affirmative defense to the claims in Counts II and III of the second amended complaint.

The prerequisites and conditions to a class action are met under both Counts II and III. Under Count II, the following class is certified:

> All persons employed by defendants as deckhands in the Commonwealth of Massachusetts between July 27, 2004, and the date of entry of final judgment in this action, to be referred to as the "Deckhand Class." Plaintiff Chris McLaughlin shall serve as the representative under Rule 23 of the Deckhand Class.

Under Count III, the following class is certified:

> All persons employed by defendants as galley staff in the Commonwealth of Massachusetts between July 27, 2004, and the date of entry of final judgment in this action, to be referred to as the "Galley Staff Class." Plaintiff Sandra McGrath shall serve as the representative under Rule 23 of the Galley Staff Class.

The parties are directed to meet and confer concerning the contents of the notice to be sent to potential class members, as well as the method(s) for service of the notice and receipt and

processing of responses from putative class members. The parties' joint proposal, or if that is not possible, competing proposals shall be submitted to the Court within 28 days of the entry of this Order. A status conference will be held Wednesday, May 13, 2009, at 2:00 p.m. to consider issues concerning the service of the notices and related matters.

    It is SO ORDERED.

                                                            /s/ George A. O'Toole, Jr.
                                                             United States District Judge