UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRIS McLAUGHLIN and<br>SANDRA McGRATH,<br>Individually and on Behalf of<br>All Other Persons Similarly Situated,<br>    Plaintiffs<br><br>v.<br><br>HARBOR CRUISES LLC, NOLAN ASSOCIATES<br>LLC and FREDERICK L. NOLAN, III<br>    Defendants | CIVIL ACTION NO.<br>06-CA-11299-GAO |

**DEFENDANTS' MOTION TO EXCLUDE INDIVIDUALS AS CLASS MEMBERS AND FOR AN ORDER REQUIRING PLAINTIFFS' DISCLOSURE OF NOTICE PROCEDURE**

The defendants, Harbor Cruises LLC, Nolan Associates LLC and Frederick L. Nolan, III (collectively "Harbor Cruises"), move this Honorable Court for an order excluding certain individuals as class members and for an order requiring the plaintiffs to file a declaration providing a full, complete and accurate disclosure of the notice procedure undertaken by the plaintiffs. In support of its motion, Harbor Cruises states that the individuals received neither actual nor constructive notice of the class action and the right to exclude themselves from the class. As a result, neither the requirements of Fed. R. Civ. P. 23 (c)(2) nor minimal due process requirements have been met and the individuals should be excluded from the class. Further, Harbor Cruises states that the declaration filed by the plaintiffs regarding the notice procedure employed by the plaintiffs is incomplete and may be inaccurate.

MCT/240987.1

- 1 -

I. **Background**

On July 27, 2006, plaintiffs, Steve Santacroce ("Santacroce") and Sandra McGrath ("McGrath"), on behalf of themselves and others similarly situated, filed a three-count complaint in federal district court alleging that their employer, Harbor Cruises, failed to pay them overtime. The named plaintiffs filed an Amended Complaint on August 14, 2006, and a Second Amended Complaint was filed on August 3, 2007 by McGrath and newly-named plaintiff, Chris Laughlin, withdrawing Santacroce as a plaintiff.[1]

The plaintiffs are pursuing parallel overtime claims under the Fair Labor Standards Act ("FLSA"), pursuant to 29 U.S.C. § 216(b), according to which potential class members desiring to participate are required to affirmatively opt in to be included and under the Massachusetts overtime statue, pursuant to Fed. R. Civ. P. 23, according to which potential class members, to whom appropriate notice is given, are automatically included in the class, unless they affirmatively opt out. Notice to 314 potential FLSA class members under 29 U.S.C. § 216(b) resulted in 55 opt in class members (some of whom were dismissed from the class pursuant to court orders, including the entry of partial summary judgment in favor of Harbor Cruises and the allowance of Harbor Cruises' motion to dismiss for failure of class members to respond to discovery, and yet others were voluntarily dismissed on statute of limitations grounds, or withdrawn). Notice to 415 class members under Rule 23, with respect to the Massachusetts state overtime claim, resulted in 55 individuals who requested exclusion and 19 class members who did not receive notice, either actual or constructive.[2]

---

[1] Although originally a named plaintiff, Santacroce did not opt in to the FLSA collective action.

[2] According to the plaintiffs, notices mailed to 52 class members were returned as undeliverable, 41 of whom were sent a second notice, using addresses found by the plaintiffs. Of this number, 8 were returned, once again, as undeliverable. In addition, of the 52 class members whose notices were returned as undeliverable, the plaintiffs were not able to find addresses for 11 of them and no attempt at providing these individuals with a second notice

MCT/240987.1

- 3 -

**II.     Class Notice**

Rule 23 imposes a mandatory notice requirement in an action, such as this one, maintained under subdivision (b)(3) of the Rule. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176, 94 S. Ct. 2140, 2152, 40 L. Ed. 2d 732, 747 (1974) (notice requirements of Rule 23(c)(2)(B) are not "discretionary," but rather "unambiguous requirement[s]" of the Rule); *12A Charles Alan Wright Et Al, Federal Practice and Procedure,* App. C, p. 236 (3d ed. 2009) (as described in the Advisory Committee's Note to the 1966 Amendment to Rule 23, subdivision (c)(2)(B) is "not merely discretionary," but rather "mandatory").

Specifically, Rule 23(c)(2)(B) provides that in any class action maintained under subdivision (b)(3), each class member shall be advised that he has the right to exclude himself from the action on request or to enter an appearance through counsel, and further that the judgment, whether favorable or not, will bind all class members not requesting exclusion. To this end, the court is required to direct to class members "the best notice that is practicable under the circumstances, *including* individual notice to all members who can be identified through reasonable effort."[3]  (Emphasis added).

The command of Rule 23(c)(2)(B) is clear. The best notice practicable is mandated and where class members can be identified through reasonable efforts, such notice must *include* individual notice. *Eisen v. Carlisle & Jacquelin*, 417 U.S. at 177. Individual notice is not

---

was made. See **Declaration of Sophie Horowitz**, Docket Entry No. 148, paragraphs 4-7.  As a result, 19 individuals received neither actual nor constructive notice.

[3] Subdivision (c)(2)(B) provides in full: "For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.  The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."

exclusive as to those who can be identified, but rather it is a required means of notice to be employed with respect to those who can be identified, along with other methods.

A critical feature of the "(b)(3)" class-action is the right of the class members to opt out if they do not desire to be bound by the judgment. Plainly, if that right is to be effective, the class members must be informed so that they can effectively exercise it (or not). The Supreme Court in *Eisen* ruled that in "(b)(3)" actions, the individual notice requirement is mandatory and cannot be dispensed with even though representation of the class is adequate, and even though the number of identifiable members is so great that the costs of notifying all of them would effectively prevent the action from being brought at all. ***Eisen v. Carlisle & Jacquelin***, 417 U.S. at 175-77.

In addition, due process requirements require that absent class members receive notice, plus an opportunity to be heard and participate in the litigation, whether in person or through counsel. "[A]t a minimum" an absent plaintiff in a class action must be provided with an opportunity to remove himself from the class by executing and returning an opt out or request for exclusion form to the court. ***Phillips Petroleum Co. v. Shutts***, 472 U.S. 797, 811-12, 105 S. Ct. 2965, 2974, 86 L. Ed. 26 628, 641-42 (1985). Similarly, the Supreme Court in ***Mullane v. Central Hanover Bank & Trust Co.***, 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950), addressing the constitutional sufficiency of notice (yet not in the context of a class action) stated that "when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected...." *Id.*, at 315. In citing to the ***Mullane*** decision, the Advisory Committee, in its

Notes to the 1966 Amendment of Rule 23(c)(2), stating that the "mandatory notice pursuant to subdivision (c)(2)...is designed to fulfill requirements of due process to which the class action procedure is *of course* subject" (***12A Charles Alan Wright Et Al, Federal Practice and Procedure,*** App. C, pp. 234, 236 (3d ed. 2009) (emphasis added), "explicated its incorporation of due process standards" in the amended Rule. ***Eisen v. Carlisle & Jacquelin***, 417 U.S. at 174.

The goal of the notice requirements, both under Rule 23 and due process, is clear. Simply, "[t]he Court has personal jurisdiction over the class members *because* they have been afforded, through notice, the right to exclude themselves from the Class" and the important constitutional concern concerning the exercise of personal jurisdiction is addressed by the satisfactory compliance with the requirements of Rule 23. ***Duhaime v. John Hancock***, 177 F.R.D. 54, 60 (D. Mass. 1997) (emphasis added), *overruled, in part, on other grounds*, by ***Ortega v. Star-Kist Foods, Inc.***, 370 F. 3d 124 (1st Cir. 2004).

Consistent with the mandatory requirements of Rule 23(c)(2)(B) and due process requirements, this Court has correctly stated that the notice "must...be disseminated to the greatest practical extent." *Id*., at 61. Here, that did not occur, as a result of which 19 individuals received neither actual nor constructive notice.

The plaintiffs proposed that notice be sent to the class members by mail at their last known address. They relied upon the records of Harbor Cruises as the source of the *last known* addresses for class members[4] and otherwise undertook no efforts to verify the addresses or use addresses that the plaintiffs knew were more recent.[5] The plaintiffs merely sent out the notices

---

[4] **Declaration of Sophie Horowitz**, Docket Entry No. 148, paragraph 2.

[5] As an example, former named plaintiff, Steve Santacroce, is listed in Harbor Cruises' records as having a last known address at 305 Irving Road in Randolph. **Affidavit of Mary E. O'Neal,** paragraph 3, Exhibit A. Yet in the plaintiffs' 2006 Complaint (Docket Entry No. 1), he is identified as residing in Hull. David DiToro is listed in Harbor Cruises' records as having a last known address at 88 Weston Avenue in Braintree. **Affidavit of Mary E. O'Neal**, paragraph 3, Exhibit A. Yet his opt-in consent filed by the plaintiffs on January 4, 2008 (Docket Entry No.

by regular mail to individuals who could have been employed by Harbor Cruises up to five years ago (i.e. the class was comprised of those who were employed by Harbor Cruises at any time from July 26, 2004).

Where the relevant question is whether the notice employed was reasonably calculated to reach the absent members, in a manner compliant with due process, under the facts present here, it plainly was not. As a result, the Court should exclude those members from the class who did not receive actual notice or any other form of constructive notice. *See*, *generally*, **Phillips Petroleum Co. v. Shutts**, 472 U.S. at 813 (Supreme Court illustrated point that opt-out procedures satisfied due process by noting that, in Kansas state court action, court had excluded 1,500 members from the class because the notice and opt-out form were undeliverable); **Johnson v. General Motors Corp.**, 598 F. 2d 432, 438 (5th Cir. 1979) (Court reversed District Court's holding that res judicata barred the maintenance of an employment discrimination suit by the plaintiff, who was an absent member of a plaintiff class in a previous class-action involving the same discriminatory practices and who received no notice of the class-action, stating that a prior class-action will bar a subsequent action only where the absent class member in the prior action "*receive[d]* some form of notice that the class action [was] pending and that his damage claims may be adjudicated as part of it," in accordance with due process requirements) (emphasis added).

Importantly, cases in the First Circuit and the District of Massachusetts support the exclusion. ***Duhaime v. John Hancock***, 177 F.R.D. at 60-61 (class notice met due process

---

87), lists his address as 106 Ashburton Avenue in Brant Rock, Massachusetts. Abigail Anderson is listed in Harbor Cruises' records as having a last known address at 9 Winchester Street in Boston. **Affidavit of Mary E. O'Neal**, paragraph 3, Exhibit A. Yet her opt-in consent filed by the plaintiffs on January 10, 2008 (Docket Entry No. 90), lists her address as 2480 16th Street N.W., Washington, D.C. All of these individuals had their notices returned (**Affidavit of Mary E. O'Neal**, paragraph 4, Exhibit B) and Abigail Anderson is one of the 19 who, according to the plaintiffs, did not receive notice. **Declaration of Sophie Horowitz**, Docket Entry No. 148, paragraph 8, Exhibit C.

requirements where the notice was mailed by first-class mail and, in addition, a summary notice was published in three national newspapers and in the newspapers with the largest circulation in each of the 50 states and the District of Columbia; the plaintiffs re-mailed notice packages that were returned with a forwarding address; and if no forwarding address was provided, a search firm was retained to provide updated address information, and notice was re-mailed where updated information was available); ***Reppert v. Marvin Lumber Cedar Co.***, 359 F. 3d 53, 57 (1st Cir. 2004) (Court upheld dismissal of action brought by Massachusetts residents who purchased windows through a Massachusetts supplier, on res judicata grounds, where in prior class action, notice governed by and in accordance with the Minnesota Rules of Civil Procedure was mailed to known class members and publication of the notice was placed in 33 newspapers of general circulation throughout the United States, including the Boston Globe, a Massachusetts newspaper of general circulation, therefore comporting with due process requirements even where certain class members did not receive the mailed notification); *See*, ***Lombard v. United States of America***, 356 F. 3d 151, 154-56 (1st Cir. 2004), *cert. denied*, 543 U.S. 876 (2004) (court discussed fundamental requirements of due process that interested parties be apprised of the pendency of actions in which they have an interest, and be afforded an opportunity to present to their allegations, stating that where the name and address of a person "is known, 'notice by mail or other means as certain to *ensure actual notice* is a minimum constitutional precondition;'" and where persons are hard to ascertain or their addresses unknown, approving utilization of "typical" secondary means of notice including publication and posting) (quoting ***Mennonite Bd. of Missions v. Adams***, 462 U.S. 791, 800 (1983)) (emphasis added).

Even where the secondary means of notice may arguably be "futile," it is constitutionally necessary. ***Id***., at 155.

Here, the only means of providing notice employed were mailings to individuals' last known addresses. As demonstrated, it was unsuccessful in providing actual notice to 19 individuals. No other common means of providing notice were suggested or attempted.[6] As no actual notice was provided to the 19 individuals and no secondary means of notice employed, arguably providing constructive notice, neither the mandates of Rule 23(c)(2)(B) nor due process have been met. The 19 individuals should be dismissed from the class.

## III.   Plaintiffs' Declaration of Notice Procedures

Plaintiffs filed the Declaration of Sophie Horowitz (Docket Entry No. 148) ("Declaration") in accordance with the parties' Joint Motion to Set Pretrial Schedule (Docket Entry No. 146, paragraph 1) and the Court's October 5, 2009 order granting the same.[7] Given what appear to be inaccuracies in the Declaration, as well as inconsistencies between the Declaration and information previously provided by the plaintiffs to Harbor Cruises, in addition to omitted information, Harbor Cruises requests that the Court order the plaintiffs to file a corrected Declaration.

---

[6] A frequently employed and commonly undertaken method of notice is publication. There are others including, but not limited to, posting and advertising. ***Moore's Federal Practice-Civil***, §23.102 (2009).

[7] It provided that "Plaintiffs shall file a declaration describing the process by which class notice was given and the attempts made to locate class members whose notices were returned as undeliverable."

### A.   Inaccuracies in the Declaration

The Declaration identifies the notice that was mailed to the class members, as being attached to the Declaration as Exhibit A.  However, the attached notice was not the form of notice that the plaintiffs had informed Harbor Cruises would be sent.  **Affidavit of Mary E. O'Neal**, paragraph 5, Exhibit C.  The differences in the notice attached to the Declaration and the notice Harbor Cruises understood would be sent are substantive.  Among others differences, the notice attached to the Declaration inaccurately states the dates of the class members' covered employment; it does not state a date by which the exclusion request form was to be returned; it does not reference that the exclusion request form was attached to the notice; and it does not contain a reminder at the end of the notice as to the exclusion date.  *Compare* **Exhibit A to the Declaration with Exhibit C to the Affidavit of Mary E. O'Neal**.

### B.   Inconsistencies

Prior to the filing of the Declaration, and at Harbor Cruises' request, the plaintiffs provided Harbor Cruises with detailed information concerning the identities of those individuals whose first notice, as mailed by the plaintiffs, was returned; the identities of those individuals to whom a second notice was mailed; and the identities of those individuals whose second notice, as mailed by the plaintiffs, was returned.  **Affidavit of Mary E. O'Neal**, paragraph 4, Exhibit B.  However, unlike this information, the Declaration does not identify the identities of those individuals whose first notice was returned, or to whom a second notice was sent.  In addition, the number of individuals whose first notice was returned as stated in the Declaration, being 52, is a different number than the number of individuals identified on the list provided by the plaintiffs to Harbor Cruises whose first notices were returned, being 50.  Similarly, the number of individuals whose second notice was returned as stated in the Declaration, being 8, is a

different number than the number of individuals identified on the list provided by the plaintiffs to Harbor Cruises whose first notices were returned, being 10. **Compare Declaration, paragraphs 4, 6, and Exhibit C to Declaration, with Exhibit B to the Affidavit of Mary E. O'Neal**.

### C.      Omitted Information

The Declaration does not identify the individuals, by name, whose first notices were returned; to whom second notices were sent; whose second notices were returned; or for whom addresses could not be found, as a result of which no second notice was sent.  In addition, the Declaration does not state whether the second notice amended the date by which an exclusion request could be returned (which should have been July 18, 2009, in the first notice), so as to permit an individual seeking exclusion appropriate time to do so.  Where, according to the information provided by the plaintiffs to Harbor Cruises prior to the filing of the Declaration, some second notices were sent as late as July 16 and 21, 2009 (**Affidavit of Mary E. O'Neal**, paragraph 4, Exhibit B), the sending of this second notice, without the opportunity for the individual to seek exclusion within 45 days after the sending of the notice, would not be in conformity with due process or the notice process the plaintiffs represented would be followed.

### III.     Conclusion

For all the reasons set forth above, the Court should strike the 19 individuals who did not receive any form of notice of the class action, their opportunity to be excluded from it, or to enter an appearance through counsel of their choice and the fact that they will be bound by any judgment entered if they do not seek exclusion, from the class.  Further, the Court is respectfully requested to order the plaintiffs to file a corrected Declaration, to include (1) the notice sent to the class members; (2) the identities of the individuals, by name, (i) whose first notices were returned; (ii) to whom second notices were sent; (iii) whose second notices were returned; and

(iv) for whom addresses could not be found; and (3) a disclosure of the exclusion dates recited in the second notices.

> Respectfully submitted,
>
> **HARBOR CRUISES LLC,**
> **NOLAN ASSOCIATES LLC AND**
> **FREDERICK L. NOLAN, III**
>
> By their attorneys,
>
> **/s/ Mary E. O'Neal**
> Mary E. O'Neal--BBO # 379325
> Patricia A. Granger--BO# 565993
> **MASTERMAN, CULBERT & TULLY LLP**
> One Lewis Wharf
> Boston, Massachusetts 02110
> (617) 722-8123

Dated: October 30, 2009

### CERTIFICATE OF SERVICE

I, Mary E. O'Neal, Attorney for Defendants, hereby certify that the foregoing Defendants' Motion to Exclude Individuals as Class Members and for an Order Requiring Plaintiffs' Disclosure of Notice Procedure, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of the Electronic Filing.

> **/s/ Mary E. O'Neal**
> MARY E. O'NEAL

Dated: October 30, 2009